**Kathryn C. SCHWARTZ, Appellant,**

v.

**PINNACLE COMMUNICATIONS
and Kirk Daniels, Appellees.**

No. 14–95–00943–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1997.

Timothy Mark Donoughue, Houston, for appellant.

Bruce M. Badger, Sugar Land, for appellees.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Kathryn C. Schwartz, plaintiff below, appeals from a take nothing final judgment in favor of appellees, Pinnacle Communications, Inc. and Kirk Daniels. She challenges this judgment in six points of error attacking the legal and factual sufficiency of the trial

court's findings of fact on the issues of conversion, fraud, and damages. We reverse and remand the trial court's judgment.

### The Facts

In 1992, Kirk Daniels, representing Pinnacle, approached appellant's father, Newton B. Schwartz, and persuaded him to purchase telephones and voice mail equipment on appellant's behalf. Daniels proposed that the telephone systems be purchased as an investment, and suggested that, once purchased, the phones could subsequently be leased to Texas Gulf Industries, Inc. [TGI]. Newton testified that, in negotiating the sale and arranging the lease, Daniels made representations assuring him of TGI's creditworthiness. Newton claims he relied on these representations, purchased the equipment as an investment for his daughter, and leased it to TGI.

After paying an initial security deposit, TGI never made another payment under the lease. Newton's demands for payment failed, and he attempted to repossess the equipment, only to find that Daniels had moved some of the phones from TGI's offices to the offices of Eco–Environmental, Inc. [EEI]. The remaining equipment had been seized by the IRS under a federal tax lien against TGI. Newton eventually recovered much of his daughter's property but claims considerable damages due to the time and expense associated with the recovery effort.

Appellant sued Daniels and Pinnacle for fraud and conversion. The trial court entered a default judgment against Pinnacle for failure to answer, thus settling the question of liability as to Pinnacle and leaving only the amount of damages at issue. *See Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992) (holding that default judgment operates as an admission of all facts alleged in plaintiff's petition and the only remaining issue to be resolved is the amount of unliquidated damages). Appellant's claims against Daniels were tried to the court, along with her claims for damages against both

defendants. At trial, Newton testified for appellant, and Daniels was called to the stand as an adverse witness. Various documents were received into evidence in support of appellant's case. At the close of appellant's case, Daniels moved for a "directed verdict." [1] Having found no liability or damages attributable to Daniels, the court granted the motion and entered a take-nothing judgment against appellant. In addition, the court found no damages attributable to Pinnacle.

In points of error one, three, and five, appellant challenges the legal sufficiency of the trial court's findings of fact pertaining to the conversion, fraud, and damages issues. Points of error two, four, and six challenge the factual sufficiency of the court's findings as to those same issues.

### Standard of Review

 In entering judgment at the close of the plaintiff's case, the trial judge, acting as fact finder, is presumed to have ruled not only on the legal sufficiency of the evidence, but also on the weight of the evidence and the credibility of the witnesses. *Qantel Business Sys. v. Custom Controls*, 761 S.W.2d 302, 303–305 (Tex.1988). Thus, after granting a motion for judgment, the trial judge may properly make findings of fact, as well as conclusions of law. *Id.* at 304. In a bench trial, factual and legal sufficiency challenges to the trial court's findings of fact are reviewable under the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994).

 We must review appellant's legal sufficiency points of error first. *Lehmann v. Wieghat*, 917 S.W.2d 379, 383 (Tex.App.— Houston [14th Dist.] 1996, writ denied). When a legal sufficiency challenge is raised by a party who bears the burden of proof on an issue, this court will reverse a trial court's finding of fact only if two hurdles are surmounted.[2] *Sterner v. Marathon Oil*, 767

---

1. Because this case was tried to the bench, the appellee's motion for a directed verdict is more properly termed a "motion for judgment." *Qantel Business Sys. v. Custom Controls* 761 S.W.2d 302, 303 (Tex.1988). This is an important dis-

tinction because we review a judgment pursuant to a motion for judgment differently than a directed or instructed verdict. *Id.* at 303–04.

2. In contrast, when the appellant challenges the legal sufficiency of the evidence in support of an

S.W.2d 686, 690 (Tex.1989). First, this court must examine the record for evidence and inferences supporting the challenged finding, ignoring all evidence to the contrary, to determine whether any evidence exists to support that finding. *Id.* If more than a scintilla of evidence of probative force supports the finding, we must reject a "no evidence" challenge to that finding. *Lehmann,* 917 S.W.2d at 383. However, if *no* evidence supports the court's finding, we must proceed to the second hurdle, which requires us to review the entire record to determine if the contrary proposition is established as a matter of law. *Sterner,* 767 S.W.2d at 690. We will sustain a legal sufficiency challenge only if the record reveals conclusive evidence supporting each element of the claim. *Id.*

We will apply this two step analysis to determine the legal sufficiency of the trial court's fact findings on appellant's conversion and fraud claims and on the question of damages. Appellant's factual sufficiency challenges need only be addressed if the trial court's findings are supported by legally sufficient evidence. *Lehmann,* 917 S.W.2d at 383; *International Piping Sys. v. M.M. White & Assoc.,* 831 S.W.2d 444, 447 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

### Conversion

A claim for conversion requires the plaintiff to show (1) title, (2) right to possession, and (3) a demand for return of the property unless the possessor's acts manifest a clear repudiation of the plaintiff's rights. *Whitaker v. Bank of El Paso,* 850 S.W.2d 757, 760 (Tex.App.—El Paso 1993, no writ). The court below made an express factual finding on the third element of conversion

only. However, we must presume factual findings in support of the trial court's judgment on the first and second elements of conversion. TEX.R.CIV.P. 299. Thus, before we may reverse the trial court's ruling on appellant's conversion claim, we must find the record totally devoid of any evidence supporting the express and presumed fact findings on each element of conversion.

We have reviewed the record in search of evidence that supports these findings, ignoring all evidence to the contrary, and we have found no supporting evidence. Daniels did not cross-examine any witness, put on a case, or otherwise establish a defense.[3] Although he took the stand at the behest of plaintiff, his testimony did not contradict any of the necessary elements of appellant's conversion claim. In other words, he presented no evidence refuting appellant's ownership or her right to possession of the equipment and no evidence rebutting her claim that he repudiated her possessory rights in the equipment when he moved the telephones.[4]

Contending that some evidence does, in fact, support the trial court's findings, Daniels points to his testimony that, at the time he relocated the phones to EEI, he believed he was transporting them to a subsidiary of TGI at TGI's request. In support of this contention, he argues that because he drafted an invoice documenting this relocation, it would be an "incredible inference" to conclude that he was attempting to commit conversion. At best, these assertions suggest that Daniels was acting in good faith and with a legitimate purpose when he moved the phones. We find such testimony of no consequence. Because wrongful intent is not an element of this tort, even an inno-

---

adverse finding on an issue upon which she did *not* bear the burden of proof, our analysis is limited to determining one issue only: whether any evidence in the record supports the finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983).

**3.** Daniels argues that because he did not have the burden of proof in the court below, he was not required to put on any evidence. While Daniels is correct that the defendant is not required to disprove his liability, it is in his best interest to do so in cases where the plaintiff has met her

burden of proof by providing conclusive evidence in support of each element of her cause of action. Had Daniels introduced *any probative evidence* in support of his case, we could not reverse the lower court's judgment on legal sufficiency grounds. *Lehmann,* 917 S.W.2d at 383.

**4.** Appellant concedes that no demand for return of the phones was made. She relies, instead, on the alternative argument that Daniels manifested a clear repudiation of her rights when he moved the phones from TGI to EEI.

cent taker can be liable for conversion. *Dolenz v. Continental Nat. Bank of Ft. Worth*, 620 S.W.2d 572, 576 (Tex.1981) (holding that the trial court fairly submitted the issue of conversion to the jury where its charge included the instruction that wrongful intent is not an element of conversion); *Lone Star Ford v. Hill*, 879 S.W.2d 116, 122 (Tex. App.—Hous. [14th] 1994, no writ) (holding that conversion results even in the absence of wrongful intent); *White–Sellie's Jewelry v. Goodyear Tire & Rubber*, 477 S.W.2d 658, 662 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) (holding that complete innocence and perfect good faith are no defense to a conversion action). Thus, evidence in the record suggesting that Daniels did not intend to do anything wrong or did not know that his actions were wrongful is not probative on any issue pertaining to whether or not Daniels converted appellant's property.

■ While we must affirm the legal sufficiency of a trial court's findings if any evidence supports them, the supporting evidence must be of probative value. *Lehmann*, 917 S.W.2d at 383. Thus, where wrongful intent is not an element of, or a defense to, the plaintiff's cause of action, evidence refuting wrongful intent is legally insufficient, standing alone, to support an adverse factual finding on the claim. Because we find no probative evidence in this record to support the trial court's adverse findings of fact on the conversion issue, we must now determine whether the record as a whole establishes the contrary proposition as a matter of law.

■ A fact issue is established as a matter of law when the evidence is undisputed and reasonable minds can arrive at but one conclusion. *Id.* at 382. Based on our review of the entire record, we find that appellant established the first two elements of conversion as a matter of law. Appellant introduced an invoice and a canceled check to prove up her ownership of the equipment. Her right to possession was proven by the terms of the lease dictating that the lessor could repossess the equipment or demand its return if the lessee defaulted on the lease. The record clearly shows TGI defaulted on the lease, giving rise to appellant's right to possession.

The record also contains documents and testimony proving up the third element of conversion. Both Newton and Daniels testified that Daniels moved the phones to EEI even though the terms of the lease prohibited relocation of the equipment without notice to the lessor. This evidence was uncontroverted. Therefore, we find that reasonable minds could only conclude that the manner in which Daniels moved the phones manifested a clear repudiation of appellant's rights.

Because we hold no evidence supports the trial court's adverse findings on appellant's conversion claim, and because we also hold appellant has established her conversion claim as a matter of law, we sustain her first point of error challenging the legal sufficiency of the trial court's express and presumed adverse findings on all three elements of conversion.

■ Ordinarily, when an appellate court sustains a no evidence point of error, it renders judgment for appellant on that point. *Vista Chevrolet v. Lewis*, 709 S.W.2d 176, 176 (Tex.1986). However, because the court below entered judgment before Daniels put on his case, the evidence has not been fully developed. When a case has been reversed on legal sufficiency grounds but the evidence is in need of further development, it is appropriate to remand for a new trial rather than rendering judgment. *See Holt Atherton Industries v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *Lanford v. Smith*, 128 Tex. 373, 99 S.W.2d 593, 594 (1936); *see also* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361, 369 (1960) (noting that appellate courts should "remand for retrial rather than render judgment when the evidence has not been fully developed and it appears that a retrial will better serve the interests of justice"). On this basis, we remand appellant's conversion claim to the trial court for a new trial. Due to our resolution of this issue, we need not address appellant's second point of error challenging the factual sufficiency of the court's findings on this same claim.

### Fraud

■ The elements of fraud are (1) a material representation, (2) which was false, (3)

which was either known to be false when made or was recklessly asserted without knowledge of its truth, (4) which was intended to be acted upon, (5) which was in fact relied upon, (6) and which caused injury. *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994). The trial court granted Daniels' motion for judgment after finding that (1) Daniels did not make a material misrepresentation regarding the financial stability of TGI, (2) no representations were made recklessly without knowledge of their truth, and (3) appellant suffered no injury based on any representations made by Daniels. Again, we must presume all omitted facts were determined in such a way as to support the court's judgment. Tex.R.Civ.P. Ann. 299. Thus, in order to determine the merit of appellant's legal sufficiency challenge to the trial court's express and implied findings of fact on each element of her fraud claim, we must engage in the same two step analysis we used for her legal sufficiency challenge to the court's findings on her conversion claim. *Sterner,* 767 S.W.2d at 690.

We have examined the record carefully and find no evidence to support the trial court's adverse findings on appellant's fraud claim. As we noted previously, Daniels put on no evidence at trial and did not cross-examine any witness. Further, his own testimony did not controvert the evidence on each element of fraud proffered by appellant. In other words, Daniels never testified or offered evidence to disprove that he made material misrepresentations, knowingly or recklessly, which caused injury to appellant. Thus, after reviewing the record and disregarding all evidence contrary to these findings, we have failed to find any evidence to support them.

Having found no evidence to support the trial court's adverse findings on the fraud claim, we must next examine the entire record to determine whether appellant proved the elements of her claim as a matter of law. Because several elements of her fraud claim are supported merely by the testimony of appellant's father, Newton, we must determine, as a preliminary matter, whether a claim may be established as a matter of law based solely on the testimony of an interested witness.

As a general rule, the testimony of any witness does no more than raise a fact issue to be determined by the fact finder. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990). Nevertheless, while the fact finder is charged with the duty of deciding issues raised by conflicting evidence, when the evidence is not conflicting, the fact finder may not disregard uncontradicted testimony in order to decide an issue in accordance with its own wishes. *Texas & N.O.R. Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522, 530 (1947); *Berry v. Griffin,* 531 S.W.2d 394, 396 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ ref'd. n.r.e.). This exception applies even when the testimony comes from an interested witness if certain circumstances exist to ensure its reliability. If the interested witness' testimony is clear, direct, and positive, as well as free from contradiction, inaccuracies, and suspicious circumstances, it is taken as true, as a matter of law. *Ragsdale,* 801 S.W.2d at 882; *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986); *Cochran v. Wool Growers Cent. Storage,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942). This exception applies with special force when the interested witness' testimony was capable of being readily controverted if untrue, yet was left uncontroverted.[5] *Lofton v. Texas Brine Corp.,* 777 S.W.2d 384, 386 (Tex.1989). Thus, when the opposing party has the means and opportu-

---

5. Some courts have held even uncontroverted testimony cannot establish a fact conclusively because the trier of fact may reject it if it finds the testimony wholly lacks credibility. *See, e.g., Thomas v. McNair,* 882 S.W.2d 870, 884 (Tex. App.—Corpus Christi 1994, no writ) (holding that uncontradicted testimony did not establish fact as a matter of law because trier of fact may disbelieve witness' testimony); *Yap v. ANR Freight Sys.,* 789 S.W.2d 424, 428 (Tex.App.— Houston [1st Dist.] 1990, no writ) (holding testi-

mony did not establish fact as a matter of law because the fact finder is free to accept or reject any or all of a witness' testimony). However, we believe the better rule is that, although a trial court is generally free to disbelieve testimony, in the absence of competent evidence to the contrary, it is not authorized to find that the opposite of the testimony is true. *See Ragsdale,* 801 S.W.2d at 882; *Gulf St. Pipe Line v. Orange Cty. Water Dist.,* 526 S.W.2d 724, 727 (Tex.Civ.App.— Beaumont 1975, writ ref'd n.r.e.).

nity of disproving the testimony or testing the credibility of the witness, but fails to avail himself of either opportunity, his argument on appeal loses its primary thrust. *Collora v. Navarro,* 574 S.W.2d 65, 69–70 (Tex.1978).

■ Our review of the record indicates that Newton Schwartz's testimony was left uncontroverted. Moreover, Daniels should not be heard to complain that this testimony could not be readily controverted when he failed to utilize the "time honored method for testing a witness's credibility, ... cross-examination." *Id.* at 70. We find Newton's testimony to be clear, direct, positive, and free of suspicious circumstances. As such, it should not have been disregarded.

■ In support of the first element of fraud, Newton testified that Daniels represented to him that TGI was creditworthy and identified companies willing to extend credit to TGI on a similar lease. Daniels produced *no* evidence contradicting this testimony and did not cross-examine Newton to test his credibility. Because Newton's testimony was clear, positive, and direct, and was not suspicious in any way, we hold that it conclusively established the first element of fraud, that a material representation was made.

As for the second element of fraud, we hold that uncontradicted evidence in the record indicates Daniels was at least reckless as to the falsity of his representations concerning the creditworthiness of TGI. A memorandum prepared by Daniels prior to his negotiations with Newton was introduced into evidence. This memorandum disclosed a list of businesses which had declined to extend TGI credit in a *lesser* amount on a similar phone equipment lease. This list included a business which Daniels, in negotiating with Newton, had specifically named as willing to extend credit to TGI.

Concerning the third, fourth, and fifth elements of fraud, we hold, first, that Daniels' intent to induce reliance on his misrepresentation is a reasonable inference from Newton's testimony describing the context in which the statements were made. In addition, appellant's actual reliance was established by Newton's testimony that he decid-ed to make the investment on his daughter's behalf, "[b]ased on representations that Mr. Daniels had made about the creditworthiness of TGI." Finally, appellant proved injury through testimony and documentation of expenses incurred as a result of her reliance on TGI's misrepresentation. Because Newton's unchallenged testimony on each of these elements was clear, direct, positive, and unsuspicious, we hold that the evidence conclusively established each of the elements of appellant's fraud claim.

■ In sum, because the record is completely devoid of any evidence supporting the trial court's adverse findings on the fraud claim, and because uncontroverted testimony and evidence established the elements of fraud as a matter of law, we sustain appellant's legal sufficiency challenge to the court's findings of fact on this claim. We affirm her third point of error and reverse and remand her fraud claim to the trial court for a new trial in order that the evidence may be more fully developed. Because of our resolution of appellant's third point of error, we need not reach her fourth point of error challenging the factual sufficiency of the court's findings on this same claim.

### Damages

Appellant's legal sufficiency challenges to the court's damages findings as to both defendants are combined in her fifth point of error. Her factual sufficiency challenges are similarly combined in her sixth point of error. Because of the default judgment entered against Pinnacle, however, the damages findings as to each defendant are controlled by slightly different circumstances. Therefore, we must address them separately.

### Daniels's Damages

■ In the first part of her fifth point of error, appellant contends there is no evidence to support the trial court's finding that she was not damaged "based upon any actions of Kirk Daniels." We agree. Our review of the record has uncovered no evidence to support the court's finding that no damages resulted from Daniels's conduct. In fact, the record contains uncontroverted tes-

timony describing actual damages arising out of Daniels's unauthorized relocation of the phones and his misrepresentation of TGI's creditworthiness which resulted in the lease of the equipment to the defaulting company. This testimony was clear, direct, positive, and unsuspicious. Moreover, it was supported by documentation of the expenses incurred in the process of locating and recovering the phones, invoices showing costs incurred in an attempt to mitigate damages, and evidence establishing the accelerated lost future value of the lease.

 Because we are remanding this issue back to the trial court, we need not determine whether all of appellant's claimed damages are recoverable. We merely hold that the uncontroverted evidence shows that appellant incurred *some* amount of recoverable actual damages as a result of both the alleged fraud and conversion. The fact finder may not disregard uncontroverted evidence of an objective injury in order to enter a finding of no damages. *See Monroe v. Grider,* 884 S.W.2d 811, 820 (Tex.App.—Dallas 1994, writ denied) (holding jury's finding of no damages for pain and suffering and mental anguish was not supported by the evidence); *Schmeltekopf v. Johnson Well Serv.,* 810 S.W.2d 865, 866–67 (Tex.App.—Austin 1991, no writ) (holding that where the evidence establishes an injury and there is no conflicting evidence as to the existence or cause of that injury, the fact finder may not disregard the injury and find no damages). Rather, where the evidence of an injury is uncontroverted, the fact finder *may* determine the extent of injury and the appropriate amount of damages to be awarded based on the facts, but it *may not* ignore uncontroverted evidence by completely denying recovery. *Lopez v. Salazar,* 878 S.W.2d 662, 663 (Tex. App.—Corpus Christi 1994, no writ).

 Having found no evidence to support the trial court's finding of no damages attributable to Daniels, and having found evidence conclusively establishing appellant incurred

damages as a result of Daniels' conduct, we sustain the first part of appellant's fifth point of error challenging the legal sufficiency of the trial court's adverse findings on this issue. We reverse and remand the damages issue to the trial court so that it may determine the amount of recoverable damages based on a fully developed record should that court find Daniels liable on either claim.

### Pinnacle's Damages

 The trial court entered a default judgment against Pinnacle for failure to answer. Once a default judgment is taken, all allegations of fact set out in the plaintiff's petition are deemed admitted except for the amount of unliquidated damages. *Holt Atherton Indus. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). Appellant's petition alleges that Pinnacle, both individually and as the alter ego of Daniels, is liable to her for fraud and conversion. Thus, Pinnacle's liability on both claims, as well as its alter ego status, were deemed admitted as a consequence of the default judgment. *See St. Gelais v. Jackson,* 769 S.W.2d 249, 255 (Tex.App.—Houston [14th] 1988, no writ) (holding that default judgment entered against defendant settles the issue of direct liability as well as the issue of liability as alter ego where alter ego is alleged in plaintiff's petition).

 The only issue properly before the trial court pertaining to Pinnacle was the amount of damages resulting from the fraud and conversion. The trial court's findings indicate, however, that it improperly relitigated the issue of Pinnacle's liability as Daniels' alter ego.[6] In addition, the court's finding that appellant suffered no damages "based upon any actions of Pinnacle" appears to be derived from the court's improper relitigation of the liability issue. *See Transport Concepts v. Reeves,* 748 S.W.2d 302, 304–05 (Tex.App.—Dallas 1988, no writ) (holding that default judgment establishes that a causal nexus between defendant's conduct and plaintiff's injury exists). Appellant chal-

6. Appellant did not waive the effect of her default judgment on the alter ego issue by unnecessarily presenting evidence on that issue at trial. *See St. Gelais v. Jackson,* 769 S.W.2d 249, 254–55 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding that plaintiff does not waive default judgment against defaulting defendant by putting on evidence of liability and submitting liability issues to the jury in trial on the merits against non-defaulting co-defendants).

lenges this finding on legal sufficiency grounds in the second part of her fifth point of error.

■ We have examined the record to determine whether any evidence supporting this finding exists. The only evidence in the record that could provide support for the finding is testimony pertaining to Pinnacle's alter ego status. This evidence was not properly at issue and, therefore, will not support the finding. Appellant established as a matter of law that she was entitled to some measure of damages for the injuries caused by Daniels' alleged fraud and conversion. Appellant was not required to prove up the same damages separately against Pinnacle because the damages evidence adduced at trial against Daniels may be properly applied to Daniels' alter ego. *See St. Gelais,* 769 S.W.2d at 251–52. Thus, we sustain the second part of appellant's fifth point of error challenging the legal sufficiency of the court's findings regarding the damages attributable to Pinnacle. We reverse and remand for a new trial the amount of damages attributable to Pinnacle[7] so that the record may be more fully developed. Because of this disposition, we need not address appellant's sixth point of error challenging the factual sufficiency of the court's findings on damages.

In sum, we reverse and remand this cause to the trial court to determine, based on a fully developed record: (1) Daniels' liability on each cause of action; (2) the actual amount of damages for which Daniels is jointly and severally liable, *if* he is found liable on either cause of action; and (3) the actual amount of damages for which Pinnacle is jointly and severally liable.

---

7. We may reverse and remand for a determination of unliquidated damages only, since liability is not at issue in an appeal from a no-answer default judgment. Tex.R.App.P. 81(b)(1); *Fleming Mfg. v. Capitol Brick,* 734 S.W.2d 405 (Tex. App.—Austin 1987, writ ref'd n.r.e.).