**Shelley GRIFFIN, et al., Plaintiffs,**

v.

**GK INTELLIGENT SYSTEMS, INC., et al., Defendants.**

**No. Civ.A. H–98–3847.**

United States District Court, S.D. Texas, Houston Division.

Oct. 26, 1999.

William B. Federman, Day Edwards Federman Propester and Christensen, Oklahoma City, OK, Roger B. Greenberg, Greenberg Peden Siegmyer & Oshman, Houston, TX, Richard A. Speirs, Zwerling Schachter et al., New York City, for Kaylynn Holloway, Charles S. Farrell, Jr., plaintiffs.

Ann Ryan Robertson, Winstead Sechrest & Minick, Houston, TX, Jeffrey Lloyd Joyce, Winstead Sechrest & Minick, Houston, TX, Carl Wimberley, Winstead Sechrest & Minick, Houston, TX, Paul R. Bessette, Brobeck Phleger & Harrison, Austin, TX, for GK Intelligent Systems Inc., Gary F. Kimmons, Rodney L. ("Rod") Norville, defendants.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

This securities fraud case is before the Court on the Motion to Dismiss ("Motion") filed by Defendants GK Intelligent Systems, Inc. ("GK"), Gary F. Kimmons, and Rodney L. Norville [Doc. # 55]. The Court has carefully reviewed the full record in this case, including the Second Amended Complaint [Doc. # 18], Defendants' Memorandum of Law ("Memorandum") in support of their Motion [Doc. # 56], Plaintiffs' Opposition ("Response") [Doc. # 62], and Defendants' Reply ("Reply") [Doc. # 67]. Based on this review and the application of binding and persuasive legal authority, the Court concludes that Plaintiffs have satisfied their pleading burden in connection with the federal securities fraud claims, but have failed to do so in connection with the state law claims. Defendants' Motion is **denied in part and granted in part,** for the reasons discussed herein.

## I. FACTUAL BACKGROUND

GK is a Delaware corporation with its principal place of business in Houston, Texas. GK is a relatively new computer software company which is now publicly traded on the American Stock Exchange. Plaintiffs are each purchasers of GK stock.

GK issued a press release on February 10, 1998, announcing that it had entered into a three-year agreement with Capella Computers, Ltd. ("Capella") from which GK expected to realize at least $12 million in revenue. Plaintiffs allege that GK knew at the time it released the February 10, 1998 press statement that it did not have an agreement with Capella.

In April 1998, GK announced that Joseph R. Canion, co-founder and former Chief Executive Officer of Compaq Computers, had been named Chairman of the Board of GK. Plaintiffs allege that GK failed to disclose the full extent of Canion's compensation and the limited extent of Canion's time commitment to GK.

Four months later, on August 13, 1998, GK announced that Canion had resigned because of a philosophical difference between Defendant Kimmons and Canion. Plaintiffs allege that Defendants knew this statement was materially false and that the true reason Canion had resigned was his loss of confidence in Kimmons's judgment and ability to manage GK.

Plaintiffs allege that these materially false statements, which Plaintiffs claim Defendants knew were false at the time they were made, caused GK's stock to become artificially inflated. Plaintiffs purchased

stock at the inflated prices and, according to Plaintiffs, lost money when the truth was later revealed and the stock price fell.

Plaintiffs filed their original complaint in state court, and Defendants removed the case to this Court on November 11, 1998. Plaintiffs filed an Amended Complaint [Doc. # 17] on March 16, 1999, and filed their Second Amended Complaint on March 31, 1999. Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities and Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a) and Securities and Exchange Commission Rule 10(b)–5. Plaintiffs also assert state law causes of action for common law fraud, conspiracy, and negligence and negligent misrepresentation.

Defendants moved to dismiss each of the claims in Plaintiff's Second Amended Complaint. The parties submitted thorough briefs in support of their respective positions, and the motion is ripe for decision.

## II. *APPLICABLE LEGAL STANDARDS*

### A. *Motion to Dismiss*

Rule 12(b)(6) allows for dismissal of a complaint if the plaintiff fails "to state a claim upon which relief may be granted." A motion to dismiss is "viewed with disfavor and is rarely granted." *Leleux v. United States,* 178 F.3d 750, 754 (5th Cir. 1999). Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Holmes v. Texas A & M Univ.,* 145 F.3d 681, 683 (5th Cir.1998) (citations omitted).

In deciding whether dismissal is warranted, the Court accepts as true the nonconclusory allegations in a plaintiff's complaint. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999); *Robertson v. Strassner,* 32 F.Supp.2d 443, 445 (S.D.Tex.1998). A motion to dismiss for failure to plead fraud with the particularity required by Rule 9(b) is treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *United States ex rel. Thompson v. Colum-*

*bia/HCA Healthcare Corp.,* 125 F.3d 899, 901 (5th Cir.1997).

### B. *Standards for Pleading Securities Fraud*

■ *Section 10(b) Elements.*—To state a claim based on Section 10(b) of the Securities Exchange Act of 1934 (the "Act"), the plaintiff must allege "(1) a false misrepresentations [*sic*] or omission; (2) of material fact; (3) knowing its falsity and intending that the plaintiff rely on it; (4) that the plaintiff justifiably relied on the misrepresentation or omission; and (5) suffered damage resulting from this reliance." *Oppenheimer v. Prudential Securities Inc.,* 94 F.3d 189, 194 (5th Cir.1996); *see also In re Comshare, Inc. Securities Litigation,* 183 F.3d 542, 548 (6th Cir. 1999); *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.), *cert. denied,* 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997). It is undisputed that Plaintiffs must satisfy the pleading requirements of both Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4.

■ *Rule 9(b) Requirements.*—Rule 9(b) of the Federal Rules of Civil Procedure provides a heightened pleading requirement for allegations of fraud. To satisfy the burden imposed by Rule 9(b), the plaintiff must set forth with specificity the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Oppenheimer,* 94 F.3d at 195; *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994); *Robertson,* 32 F.Supp.2d at 446.

■ *The PSLRA's Requirements.*— The PSLRA imposes additional pleading requirements on plaintiffs in securities fraud actions. Plaintiffs must distinguish among the defendants, attributing each allegedly fraudulent statement to a particular defendant or defendants. *Zuckerman*

*v. Foxmeyer Health Corp.,* 4 F.Supp.2d 618, 622 (N.D.Tex.1998). "This rule, however, is applied in tandem with the presumption that senior executives of a corporate defendant may be held personally liable for misrepresentations contained in a public statement issued for the corporation." *Id.*

Plaintiffs in securities fraud litigation under the PSLRA must also allege facts which demonstrate scienter. *Comshare,* 183 F.3d at 548; *Zuckerman,* 4 F.Supp.2d at 622. Scienter is a "mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The PSLRA provides that securities fraud plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). A "plaintiff may survive a motion to dismiss by pleading facts that give rise to a 'strong inference' of recklessness." *Comshare,* 183 F.3d at 550. Plaintiffs may meet the heightened pleading requirements of Rule 9(b) and the PSLRA, as applied to Section 10(b), by "pleading facts which identify circumstances indicating Defendants' conscious or reckless behavior, so long as the totality of the allegations raises a strong inference of fraudulent intent." *Zuckerman,* 4 F.Supp.2d at 623; *see also Robertson,* 32 F.Supp.2d at 447.

### III. *LEGAL ANALYSIS*

#### A. *Sufficiency of Plaintiffs' Allegations Under the PSLRA*

Plaintiffs have sufficiently alleged facts supporting their Section 10(b) claim which satisfy the requirements of Rule 9(b) and the PSLRA. Plaintiffs have alleged—by time, place, content and speaker—the statements which they allege were false and misleading. *See, e.g.,* Second Amended Complaint, ¶¶ 31–32, 35, 48, 52, 61, 63. Plaintiffs have explained factually why they believe the statements were false. *Id.,* ¶¶ 33, 36, 44, 51, 53, 58, 61, 63. Plaintiffs have identified which defendant or defendants are charged with which allegedly false statements, or have identified the statement as one disseminated through a corporate document. *Id.,* ¶¶ 34, 48, 52.

On the issue of scienter, the Court concludes that the Second Amended Complaint provides sufficient factual detail to "give rise to a strong inference that the defendant acted with fraudulent intent." Plaintiffs have satisfied their burden by alleging knowledge, conscious action, and recklessness. *Id.,* ¶¶ 14, 53, 63, 77.

Plaintiffs have alleged facts supporting the reliance element of their securities fraud claim by alleging a fraud on the market. *Id.,* ¶ 68–69. Contrary to Defendants' argument, the "fraud-on-the-market" doctrine can properly be applied in securities fraud cases involving securities traded in the over-the-counter market. *See Finkel v. Docutel/Olivetti Corp.,* 817 F.2d 356, 364 (5th Cir.1987), *cert. denied,* 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988).

To avoid dismissal for failure to allege causation, Plaintiffs need only allege "facts which show that Defendants' omissions and misrepresentations caused the market price of the stock to be artificially inflated, and therefore to appear to be a good risk for investment, so that when the truth came out about the company's condition, the stock lost value and Plaintiffs suffered a loss." *Zuckerman,* 4 F.Supp.2d at 626. Plaintiffs have adequately alleged facts which, if proven, would establish the causation element of their claim. *See, e.g.,* Second Amended Complaint, ¶¶ 36, 49, 62, 64–67. As noted by the judge in *Zuckerman* and by this Court in *Robertson,* "[w]hether Plaintiffs can prove their allegations of loss causation ... is not an appropriate inquiry on a motion to dismiss." *Robertson,* 32 F.Supp.2d at 449; *Zuckerman,* 4 F.Supp.2d at 626.

#### B. *Predictions and Forward–Looking Statements*

Defendants argue that their challenged statements are protected from liability be-

cause they were mere predictions and because proper cautionary language can preclude liability based on certain forward-looking statements. Defendants' argument in this respect is factually without merit.

■ *"Bespeaks Caution" Doctrine.*—A prediction may be actionable as a false statement of fact within the meaning of the securities laws if "(1) the speaker did not genuinely believe the statement was true; (2) there was no reasonable basis for the speaker to believe the statement; and (3) the speaker was aware of an undisclosed fact tending seriously to undermine the accuracy of the statement." *In re Browning–Ferris Industries Inc. Securities Litigation*, 876 F.Supp. 870, 878 (S.D.Tex. 1995) (citing *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir.1994)). "Under the 'bespeaks caution' doctrine, if a defendant adds a cautionary statement to the predictive statement, then the statements may not be actionable as a matter of law." *Zuckerman*, 4 F.Supp.2d at 624 (citing *Rubinstein*, 20 F.3d at 166–67).

■ The alleged fraudulent statements in this case, however, contained no cautionary language. Additionally, Plaintiffs allege statements which were not predictions, but were false statements of existing fact. Second Amended Complaint, ¶ 70. Cautionary language cannot insulate from liability false statements of present fact. *See, e.g., Huddleston v. Herman & MacLean*, 640 F.2d 534, 543–44 (5th Cir.1981), *aff'd in part and rev'd in part*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *see also Grossman v. Novell, Inc.*, 120 F.3d 1112, 1123 (10th Cir.1997); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1213 (1st Cir.1996); *Gray v. First Winthrop Corp.*, 82 F.3d 877, 883 (9th Cir.1996). "Because several of the allegedly misleading statements referred to then-present factual conditions, or implied background factual assumptions a reasonable investor would regard the speaker as believing to be true, the 'bespeaks caution' doctrine would be of no assistance to defendants as

to those statements." *Grossman*, 120 F.3d at 1123.

Plaintiffs' allegations are sufficient to avoid dismissal of the Second Amended Complaint based on the "bespeaks caution" doctrine.

*PSLRA "Safe–Harbor" Provision.*— The PSLRA contains a "safe-harbor" provision which protects forward-looking statements which are clearly identified as such and which are accompanied by cautionary language. 15 U.S.C. § 78u–5(a). As noted above, the statements alleged by Plaintiffs to be fraudulent did not contain cautionary language. Additionally, the challenged statements do not fall within the "safe-harbor" provision because they were also not clearly identified as "forward looking." *See* 15 U.S.C. § 78u–5(e)(2)(A)(I). Plaintiffs' factual allegations are sufficient at this stage to avoid dismissal based on the PSLRA's "safe-harbor" provision.

### C. *Section 20(a) Claim*

■ Defendants argue that Plaintiffs have failed to allege facts which would support a finding of liability against Defendant Norville. Plaintiffs have alleged that Norville, as director, vice president, chief financial officer, chief administrative officer, and general counsel, had actual power or influence over GK and the ability to control corporate policy. *See* Second Amended Complaint, ¶¶ 11, 34, 77. These allegations satisfy Plaintiffs' pleading requirements under Section 20(a) of the Act. *See Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619–20 (5th Cir.1993), *cert. denied*, 510 U.S. 1177, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994); *Dennis v. General Imaging, Inc.*, 918 F.2d 496, 509 (5th Cir.1990); *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 958 (5th Cir.1981).

### E. *State Law Claims*

Defendants argue that Plaintiffs have failed to allege facts upon which relief could be granted as to their state law claims of common law fraud, conspiracy,

negligence, and negligent misrepresentation. Plaintiffs in their Response do not address Defendants' Motion as to the state law claims. The Court, based on Plaintiffs' failure to present any argument in opposition and on its review of the Second Amended Complaint and applicable case law, grants the Motion to Dismiss the state law claims.

**Common Law Fraud.**—A necessary element of a common law fraud claim under Texas law is actual reliance on the allegedly fraudulent statements. *Schwartz v. Pinnacle Communications*, 944 S.W.2d 427, 434 (Tex.App.—Houston [14th Dist.] 1997, no writ). Plaintiffs have failed to allege actual reliance, and the "fraud-on-the-market" doctrine does not apply to a Texas law fraud claim. *Steiner v. Southmark Corp.*, 734 F.Supp. 269, 279 (N.D.Tex.1990). Plaintiffs fail to allege facts to support an essential element of their common law fraud claim, and the Court grants Defendants' Motion as to this claim.

**Conspiracy.**—Plaintiffs allege that GK, Kimmons, and Norville conspired to engage in a fraudulent scheme. The acts of Kimmons and Norville, as agents of GK, are the acts of the corporation itself. *See Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir.1996). "As a matter of law, a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained of action." *Id.* The Court grants Defendants' Motion as to the conspiracy claim.

**Negligence & Negligent Misrepresentation.**—Under Texas law, the essential elements of a negligence claim are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Federal Deposit Insurance Corp. v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir.1992); *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 376 (Tex.1984). The essential elements of a negligent misrepresentation claim are: (1) a false representation; (2) the failure to exercise reasonable care in making the representation; and (3)

damages suffered by the plaintiff as the result of reasonable reliance on the representation. *Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc.*, 88 F.3d 347, 356 (5th Cir.1996), *cert. denied*, 519 U.S. 1078, 117 S.Ct. 740, 136 L.Ed.2d 679 (1997); *see also Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiffs do not allege that Defendants owed them a specific legal duty under Texas law, and do not allege that they relied on any alleged misrepresentations by Defendants. As a result, Plaintiffs' "negligence and negligent misrepresentation" claims are dismissed. The Court will permit Plaintiffs, if they wish to pursue a negligence claim, to replead the negligence claim only, setting forth both the factual and legal basis for the claim.

## IV. *CONCLUSION AND ORDER*

Plaintiffs have alleged facts which satisfy their burden under Rule 9(b) and the PSLRA. As a result, dismissal of the securities fraud claims in the Second Amended Complaint is not warranted. Plaintiffs have failed, however, to allege facts upon which relief could be granted as to their state law claims. It is

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 55] is **GRANTED** as to the state law claims and **DENIED** as to federal securities law claims. If Plaintiffs wish to continue to assert their negligence claim, they shall file an amended pleading including only their federal and negligence claims, but Plaintiffs must set forth both the factual and legal basis for the negligence claim in addition to the existing allegations on their federal claims. Plaintiffs' amended pleading as to the negligence claim must be filed no later than **November 12, 1999.** Defendants are directed to answer the Second Amended Complaint, as well as any amendment regarding the negligence claim, by no later than **November 30, 1999.**

It is further **ORDERED** that Defendants' Motion to Vacate the Present Docket Control Order [Doc. # 64] is **DENIED AS MOOT.** If the parties determine that they require additional time for discovery or need to have other deadlines extended, counsel may request a scheduling conference by contacting the Court's case manager by letter or by telephone.

It is further **ORDERED** that Defendants shall file any opposition to Plaintiffs' Motion for Class Certification [Doc. # 52] on or before **November 15, 1999.**