■ BNP Paribas (Suisse) S.A., Appellant, v Chase Manhat-
tan Bank, Respondent. [748 NYS2d 358] —Order, Supreme
Court, New York County (Charles Ramos, J.), entered Febru-
ary 7, 2002, which denied the motion of plaintiff BNP Paribas
(Suisse) S.A. (BNP) for partial summary judgment dismissing
the counterclaims of defendant Chase Manhattan Bank (Chase)
as barred by collateral estoppel and judicial estoppel, unani-
mously affirmed, without costs.

Under the custody agreement between the parties, Chase is
precluded from seeking indemnification from BNP for liability
imposed in connection with Chase's performance of the custody
agreement if that performance was negligent. Accordingly,
because it was not necessarily decided in the prior Fifth Circuit
action whether Chase had, in fact, been negligent in the per-
formance of the custody agreement duties in question, Chase is
not collaterally estopped in the instant action from denying its
negligence and seeking indemnification.

In the prior diversity jurisdiction action, the Fifth Circuit,
applying Texas law, determined that Chase had converted
certain shares of stock (see 50-Off Stores, Inc. v Banques Pari-
bas (Suisse), S.A., 180 F3d 247, cert denied sub nom. LOT$OFF
Corp. v Chase Manhattan Bank, N.A., 528 US 1078). Under
Texas law, the failure to observe reasonable standards of care
is not an element of the tort of conversion (see Specialty Retail-
ers, Inc. v Fuqua, 29 SW3d 140, 147-148 [Tex Ct App, 14th
Dist, petition denied]; Schwartz v Pinnacle Communications,
944 SW2d 427, 433 [Tex Ct App, 14th Dist, no writ]), and thus
any findings that Chase had acted unreasonably or was
negligent would not be necessary to the determination. More-
over, none of the Fifth Circuit's comments indicate a finding of
what the reasonable commercial standards would have
entailed, whether Chase failed to observe those standards, or
whether Chase was negligent. Indeed, the Fifth Circuit merely
stated that, at most there were "errors in judgment and techni-
cal flaws in Chase's procedures that left them exposed to a
cunning criminal" (see 50-Off Stores, Inc., 180 F3d, supra at
257), not that those errors and flaws violated customary busi-
ness practices or constituted negligence.

Although the jury and the Fifth Circuit rejected Chase's af-
firmative defense to conversion, that it had acted in good faith
and observed reasonable commercial standards, under Texas
law, at least as charged to the jury and considered by the Fifth
Circuit, the affirmative defense requires proof that the defen-
dant both acted in good faith and observed reasonable com-
mercial standards. Since it is impossible to determine the basis

for the rejection of Chase's affirmative defense, i.e., whether it was solely for lack of good faith, or failure to observe reasonable commercial standards, or both, collateral estoppel does not apply (*see Matter of Schwager v Fallas*, 121 F3d 177, 181-183 [5th Cir] [applying Texas law]). The Fifth Circuit's determination that Chase had not evinced the high degree of culpability required to sustain an award of punitive damages (*50-Off Stores, Inc.*, 180 F3d, *supra* at 256-257) is not equivalent to a finding that Chase had acted in good faith, which would then indicate that the affirmative defense had been rejected solely on the basis of Chase's failure to observe reasonable commercial standards.

Chase has not taken any inconsistent positions with respect to BNP, and the doctrine of judicial estoppel is therefore inapplicable.

The parties' submissions, including conflicting affidavits and testimony of various experts, raise triable issues of fact concerning the nature and extent of Chase's commercial obligations and the reasonableness of its actions. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.