Opinion Issued April 24, 2003

















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00524-CV




SUSAN DIANA GAUSHELL JONES, Appellant

V.

JAMES DANIEL BESZBORN, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2000-05990




MEMORANDUM OPINION

           Appellant, Susan Diana Gaushell Jones, appeals an adverse jury verdict in favor of
appellee, James Daniel Beszborn. The jury found that Jones converted personal property
belonging to Beszborn and assessed damages in the amount of $25,550. On appeal, Jones
contends that there was no evidence to support the jury’s finding of conversion. We affirm. 
BACKGROUND
           Jones and Beszborn began living together near the end of 1997 or the beginning of
1998. They requested an attorney, Neal Cannon, to set up a corporation named N.L.A., Inc.
(NLA), under which they intended to conduct a salvage business. Articles of incorporation
were filed with the Texas Secretary of State in Austin, but no shares were issued. The
articles of incorporation named Jones as the sole director of the corporation. NLA employed
Beszborn and another employee to conduct the business of buying and selling salvage. In
early 1999, Jones and Beszborn moved to a residence they bought with NLA funds. The
residence was put in Jones’s name only. In January 2000, Jones had a suitcase containing
some of Beszborn’s clothing delivered to Beszborn’s office. Soon after, Jones had the locks
changed on the doors. In February 2000, Beszborn filed a petition for divorce, contending
that he and Jones had a common-law marriage and requesting temporary orders. Beszborn
requested confirmation of his separate property and a division of the community property. 
No list of separate or community property appears in the record. The trial court denied the
temporary orders on the basis that a common-law marriage had not been proved. Beszborn
then filed supplemental petitions alleging a cause of action for conversion and requesting an
accounting. 
           At trial, Jones testified during Beszborn’s case-in-chief that she had returned the
majority of Beszborn’s clothes to him on January 19, 2000 and that she had returned the rest
of his personal things, some furnishings, and linens to his residence in February. She
testified that, in June, he had personally picked up the remainder of the televisions, stereo,
furniture, and “that sort of thing” and that the interior of her house had been videotaped a few
months later, pursuant to a court order. She further testified that she never saw many of the
items on plaintiff’s exhibit 19 (PX-19), Beszborn’s list of items that, according to Beszborn,
Jones had kept. 
           Beszborn testified that Jones had a suitcase containing some of his clothes delivered
to his office in the middle of January 2000 and that he was locked out of the house on
January 31. He testified that all his “stuff,” except for the clothes in the suitcase, was in the
house. He further testified that, when he videotaped the interior of Jones’s house, the only
items of his in the house at that time were an armoire and a campaign desk. He testified that
PX-19 was a list of items that he had kept at the residence and that he had never gotten back. 
He stated that the total value of the items on PX-19, not including the heirlooms for which
he could not give a value, was $56,387.50. 
           Beszborn’s daughter, Cecelia Maddox, testified that she had lived with Beszborn after
her parents’ divorce and had visited Beszborn frequently since moving to another city. She
testified that she had seen the items in PX-19 in the house he and Jones had shared and had
not seen those items since he was locked out of the house. 
           After Beszborn rested, Jones moved for a directed verdict on the ground that Beszborn
had neither produced evidence of a demand for the property nor had she clearly repudiated
Beszborn’s rights in the property because she was not claiming that the property was hers. 
The trial court denied Jones’s motion, and Jones rested. The case was then submitted to the
jury.


 The jury charge defined conversion as follows: 
“Conversion” is the unauthorized and unlawful assumption and exercise
of dominion and control over the personal property of another which is to the
exclusion of, or inconsistent with, the owner’s rights. 
 
A claim for conversion requires the plaintiff to show: (1) title, (2) right
to possession, and (3) a demand for return of the property unless the
possessor’s acts manifest a clear repudiation of the plaintiff’s rights.

           Jury question number three asked, “Do you find from a preponderance of the evidence
that Defendant Susan Jones’ actions pertaining to the personal property listed on Plaintiff’s
Exhibit “19” constituted conversion of property belonging to Plaintiff James Daniel
Beszborn?” The jury answered, “Yes.” Jury question number four, which was predicated
on a “yes” response to question number three, asked, “What amount of money, if any, would
reasonably compensate Plaintiff James Daniel Beszborn for the market value of Plaintiff’s
property listed on Plaintiff’s Exhibit No. ‘19’ converted by Defendant Susan Jones?” The
jury was instructed not to include $16,800, which, according to Beszborn, had been in a
safety deposit box. The jury answered, “$25,500.” The trial court rendered judgment on the
jury verdict, and Jones appealed. 
DISCUSSION
           In her sole point of error, Jones contends that, because demand is an element of
conversion and there was no evidence that Beszborn made any demand, the trial court erred
in denying her motion for directed verdict. 
Standard of Review
           A directed verdict is proper if the evidence conclusively proves a fact that establishes
the movant’s right to judgment as a matter of law or negates the right of the nonmovant to
judgment or if the evidence offered is insufficient to raise a fact issue on the cause of action
at issue. Metzger v. Sebek, 892 S.W.2d 20, 40 (Tex. App.—Houston [1st Dist.] 1994, writ
denied). The trial court should not weigh the credibility of the witnesses in determining
whether a directed verdict is warranted. Id. If there is any conflicting evidence of probative
value on any theory of recovery, the issue must go to the jury. Harris County v. Demny, 886
S.W.2d 330, 333 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
           In reviewing the denial of a directed verdict, we consider all the evidence in the light
most favorable to the nonmovant and disregard all evidence to the contrary. Id. Every
reasonable inference is resolved in favor of the nonmovant. Id. 
 

Conversion
           To prevail on a claim for conversion, a plaintiff must show (1) title, (2) right to
possession, and (3) a demand for return. Schwartz v. Pinnacle Communications, 944 S.W.2d
427, 432 (Tex. App.—Houston [14th Dist.] 1997, no writ). However, a demand is not
required if the possessor’s acts amount to a clear repudiation of the owner’s rights. Autry v.
Dearman, 933 S.W.2d 182, 191 (Tex. App.—Houston [14th Dist.] 1996, no writ). 
           Jones asserts that Beszborn did not produce any evidence of a demand that Jones
return the personal property in question. Beszborn does not controvert this assertion. 
Therefore, to avoid a directed verdict, Beszborn was required to produce sufficient evidence
to raise a fact issue regarding whether Jones’s actions manifested a clear repudiation of
Beszborn’s rights to the property. See Metzger, 892 S.W.2d at 40. 
           The testimony at trial was conflicting. Jones testified that she returned all property
in her possession that belonged to Beszborn and that some of the items on PX-19 were never
in her house. Beszborn testified that all items on PX-19 were in the house he and Jones
shared and that she did not return any of them. This conflicting evidence is probative on the
issue of whether Jones’s actions were a clear repudiation of Beszborn’s rights because it is
uncontested that, as of January 31, 2000, Beszborn was locked out of the house. 
           Jones argues that Beszborn’s “divorce pleadings” refute any implications that Jones
acted in repudiation of Beszborn’s rights because, in his petition, Beszborn pleaded that
Jones “was merely in possession of the marital estate.” As we have stated, the original
petition alleged both separate and community property, but does not specify items in either
category. Therefore, the original petition is not inconsistent with the allegation that Jones
converted personal property belonging to Beszborn. 
           Viewing the evidence in the light most favorable to Beszborn and ignoring the
evidence to the contrary, the conflicting evidence regarding whether Jones returned
Beszborn’s property and the uncontested evidence that Beszborn was locked out of the
residence are some evidence that Jones’s actions were a clear repudiation of Beszborn’s
rights. We hold that this evidence was sufficient to deny Jones’s motion for directed verdict
and to support a jury question on Beszborn’s claim of conversion of his personal property. 
Accordingly, we overrule Jones’s sole issue. 
           We affirm the judgment. 
 
 
                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.