Elsie MARTIN–SIMON, Appellant,

v.

Leta J. WOMACK, Appellee.

No. 14–00–00319–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 2001.

L.T. Bradt, Houston, for appellant.

John A. Barker, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and MURPHY.*

## OPINION

KEM THOMPSON FROST, Justice.

Appellant, Elsie Martin–Simon, appeals the trial court's order granting judgment in favor of appellee, Leta J. Womack, after a bench trial on Martin–Simon's claim that Womack tortiously interfered with a contract between Martin–Simon and The Mutual of New York Life Insurance Company (MONY). Because the evidence was legally and factually sufficient to support the trial court's findings of fact, we affirm the judgment of the trial court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Martin–Simon filed a petition for divorce from her husband and obtained a default judgment on July 3, 1996. This divorce decree divested Martin–Simon's husband of, and awarded Martin–Simon, all interest in a life insurance policy obtained through MONY. Womack, an attorney representing Martin–Simon's ex-husband in the divorce, timely filed a motion for new trial on behalf of her client on July 19, 1996. Martin–Simon, with the default judgment in hand, notified MONY of the divorce decree and attempted to obtain a loan, for $9,531.00, against the cash surrender value

* Senior Chief Justice Paul C. Murphy sitting by assignment.

of the MONY policy. In the meantime, Womack continued her efforts to obtain a new trial on behalf of her client. On October 9, 1996, the trial court orally granted the motion. The court, however, did not sign an order granting the motion. This oversight apparently went undetected and, on October 17, 1996, a new trial began. On October 22, 1996, the trial court discovered that it had never signed an order granting the motion for new trial and recessed the trial until October 28, 1996. Because the trial court never signed an order granting the motion for new trial, the trial court's plenary power over the divorce proceedings expired on October 16, 1996, the 105th day after the trial court signed the divorce decree and the day before the "new trial" commenced. Relying on the jurisdictional defects, Martin–Simon filed a petition for writ of mandamus against the trial court on October 24, 1996, seeking to prevent the trial from continuing. The First Court of Appeals conditionally granted the petition on November 21, 1996, stating that (1) the divorce decree was final when the trial court signed it on July 3, 1996; and (2) as of October 16, 1996, the trial court no longer had jurisdiction over the divorce action.

While these proceedings were pending, Martin–Simon and Womack engaged in various communications with MONY over the disputed policy. After Martin–Simon prevailed in the mandamus proceeding, Womack filed a petition for bill of review on behalf of her client on December 4, 1996. This petition challenged the divorce judgment and claimed the trial court's failure to sign the order granting a new trial was not on the face of the record, and therefore, was not discovered until after the expiration of the court's plenary power. On December 5, 1996, Womack obtained a temporary restraining order on behalf of her client which precluded Martin–Simon from exercising any control over the disputed MONY policy. In January of 1997, the trial court denied the application for temporary injunction that Womack had filed. Later that year, the trial court dismissed the bill of review action.

In May of 1998, Martin–Simon filed suit against Womack for tortious interference with Martin–Simon's contractual relations with MONY, claiming Womack had hindered her attempts to obtain a loan by, *inter alia*, sending MONY an unsigned copy of a draft order granting a new trial. Martin–Simon further claimed that she had been damaged because she was unable to obtain the loan. During a bench trial and at the close of Martin–Simon's case, the trial court granted Womack's motion for judgment. Martin–Simon now challenges the trial court's order granting judgment for Womack on Martin–Simon's claim for tortious interference.

## II. Issues Presented for Review

In her first point of error, Martin–Simon complains that the trial court erred in granting the motion for judgment. In her second point of error, Martin–Simon complains that the trial court's findings of fact are factually incorrect. In her third point of error, Martin–Simon claims that the trial court's findings of fact are legally incorrect.[1]

1. Although Martin–Simon phrased her points of error as attacking only the trial court's findings of fact, the substance of her appeal also challenges the court's conclusions of law regarding "no duty" justification, and privilege. However, we affirm the trial court's judgment based on its finding that Martin–

Simon sustained no damages. Therefore, we need not address Martin–Simon's challenge to these conclusions of law. *See Hitzelberger v. Samedan Oil Corp.,* 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied) ("We review the conclusions of law *de novo* to determine their correctness ... although if the trial

### III. STANDARD OF REVIEW

■ We review the trial court's order granting a motion for judgment based only on the record before the trial court when it granted the motion and not on matters outside the record. *Gov't Employees Credit Union of San Antonio v. Fuji Photo Film U.S.A.*, 712 S.W.2d 208, 210 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.).

■ In entering judgment at the close of Martin–Simon's case, the trial court, acting as fact finder, is presumed to have ruled not only on the legal sufficiency of the evidence, but also on the weight of the evidence and the credibility of the witnesses. *See Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303–05 (Tex.1988); *Schwartz v. Pinnacle Communications*, 944 S.W.2d 427, 431 (Tex. App.—Houston [14th Dist.] 1997, no writ). Thus, after granting a motion for judgment, the trial judge may properly make findings of fact as well as conclusions of law. *See Qantel*, 761 S.W.2d at 304; *Schwartz*, 944 S.W.2d at 431. Findings of fact in a bench trial have the same force and dignity as a jury verdict, we review them for legal and factual sufficiency of the evidence under the same standards we apply in reviewing a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

■ We first review the legal sufficiency points of error. *See Schwartz*, 944 S.W.2d at 431. When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). In reviewing this "matter of law" challenge, this court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The point of error should be sustained only if the contrary proposition is conclusively established. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983).

■ When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.* The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

■ We review conclusions of law *de novo* to determine whether they are correct. *See Zieba v. Martin*, 928 S.W.2d 782, 786 n. 3 (Tex.App.—Houston [14th Dist.] 1996, no writ). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Waggoner v. Morrow*, 932 S.W.2d 627, 631 (Tex.App.— Houston [14th Dist.] 1996, no writ). Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

### IV. ANALYSIS

The Texas Supreme Court has outlined the following elements for a claim of tortious interference with a contract: (1) the

court's conclusions are erroneous, the judgment will not be reversed if the controlling

findings of fact support a correct legal theory.") (citations omitted).

existence of a contract subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) the act proximately caused the claimant's damage; and (4) actual damage or loss occurred. *Holloway v. Skinner,* 898 S.W.2d 793, 795–96 (Tex.1995). Based upon the evidence presented at trial, the trial court found, among other things, that Martin–Simon had failed to prove any compensable damages.

■ In her appellate brief, Martin–Simon claims she suffered actual damages of $18,950.00 in attorney's fees, incurred in connection with the mandamus proceeding and in defending the bill of review, and $7,200.00 in attorney's fees in a suit she brought against MONY to enforce her rights in the policy. Martin–Simon also states that she "lost the use of the money from the cash value" of the insurance policy.

## Attorney's Fees as Damages

In Texas, attorney's fees expended in prior litigation generally are not recoverable as damages; attorney's fees are recoverable only when an agreement between the parties so provides. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992) (attorney's fees may not be recovered unless provided for by statute or by contract between the parties); *New Amsterdam Cas. Co. v. Tex. Indus., Inc.,* 414 S.W.2d 914, 915 (Tex. 1967) (attorney's fees not recoverable in tort claims unless provided by statute or contract); *Cupples Coiled Pipe, Inc. v. Esco Supply Co.,* 591 S.W.2d 615, 619 (Tex. Civ.App.—El Paso 1979, writ ref'd n.r.e.) (attorney's fees from prior tort or contract suits against third parties are not recoverable as damages in subsequent suits). Under various circumstances,[2] some of our sister courts of appeals have adopted an

---

2. *See Estate of Arlitt v. Paterson,* 995 S.W.2d 713, 721 (Tex.App.—San Antonio 1999, pet. denied) (holding that, although attorney's fees are usually not recoverable unless permitted by statute or contract, contractual or statutory authorization was not necessary in a malpractice claim to recover attorney's fees and costs as damages); *Standard Fire Ins. Co. v. Stephenson,* 963 S.W.2d 81, 90–91 (Tex.App.— Beaumont 1997, no pet.) (stating "this court has ... held such fees may be recoverable where the natural and proximate results and consequences of prior wrongful acts have been to involve a plaintiff in litigation with and against third parties and other parties, and holding that, in a bad faith claim, an insured could recover attorney's fees incurred as a result of the insurer's bad faith where those fees were incurred in prior litigation between the insurer and the insured); *Tex. Beef Cattle Co. v. Green,* 883 S.W.2d 415, 430 (Tex.App.—Beaumont 1994), *rev'd on other grounds,* 921 S.W.2d 203 (Tex.1996) (acknowledging the general rule that, unless provided for by statute or by contract of the parties, attorney's fees incurred by a party in previous litigation are not recoverable against the present adversary in new, current litigation, but holding that necessary and reason-

able attorney's fees and costs, even though expended and incurred in previous litigation, can be recovered as proper damages in a later suit based on tortious interference of contract, where the natural and proximate results and consequences of prior wrongful acts had involved a plaintiff in litigation with and against third parties and other parties); *Nationwide Mut. Ins. Co. v. Holmes,* 842 S.W.2d 335, 341 (Tex.App.—San Antonio 1992, writ denied) (recognizing that a recovery of attorney's fees based upon equitable principles can exist); *Baja Energy, Inc. v. Ball,* 669 S.W.2d 836, 839 (Tex.App.—Eastland 1984, no writ) (holding that, on the basis of usages and principles of equity, plaintiff was entitled to recover his attorney's fees to defend prior lawsuit because the expenses were caused by the defendant's wrongful act); *Powell v. Narried,* 463 S.W.2d 43, 46 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.) (denying a recovery of attorney's fees because of inadequacies in the record, but recognizing that where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may be a recovery in damages of the attorney's fees incurred in such prior litigation against the author of such act).

equitable exception to the general rule of non-recovery of attorney's fees in tort cases. However, neither the Texas Supreme Court[3] nor this court[4] has adopted any wrongful-act exception to this rule and we decline to do so in this case.

Viewing only the evidence which supports the trial court's damages finding, we note the absence of a contract or statute which provides for the recovery of Martin–Simon's attorney's fees. Nothing in the record establishes any agreement under which Womack would be obligated to pay Martin–Simon's attorney's fees, nor is there any evidence to suggest the existence of any contract between the two. Martin–Simon did not seek to recover attorney's fees under any statute nor does she claim to be entitled to recover such sums based on any statutory provision. Moreover, Martin–Simon cites no available equitable exception which would permit her to recover attorney's fees as damages in this case, and we will not create one. Accordingly, we find the evidence was legally sufficient to support the trial court's finding that Martin–Simon failed to prove she was entitled to any compensable damages.[5]

3. The Texas Supreme Court has adopted a "common fund" equitable exception to the general rule prohibiting recovery of attorney's fees absent contractual agreement or statute. *See Knebel v. Capital Nat'l Bank in Austin,* 518 S.W.2d 795, 799 (Tex.1974) (stating "one who preserves or protects a common fund works for others as well as for himself, and the others so benefited should bear their just share of the expenses, including a reasonable attorney's fee."). "Although the common fund doctrine has been infrequently asserted in Texas, the courts have applied it to class actions, *see, e.g., City of Dallas v. Arnett,* 762 S.W.2d 942, 954 (Tex.App.—Dallas 1988, writ denied); shareholder derivative suits, *see, e.g., Bayliss v. Cernock,* 773 S.W.2d 384, 386–87 (Tex.App.—Houston [14th Dist.] 1989, writ denied); and insurance subrogation, *see, e.g., Camden Fire Ins. Ass'n v. MO., KY & Tenn. Ry. Co.,* 175 S.W. 816, 821 (Tex.Civ.App.—Dallas 1915, no writ.)." *Lancer Corp. v. Murillo,* 909 S.W.2d 122, 126 (Tex.App.—San Antonio 1995, no writ.); *see Libhart v. Copeland,* 949 S.W.2d 783, 804 (Tex.App.—Waco 1997) (finding that church members suing on behalf of entire church were entitled to attorney's fees under the "common fund" doctrine); *Crouch v. Tenneco, Inc.,* 853 S.W.2d 643, 645 (Tex.App.—Waco 1993, writ denied) (upholding award of attorney's fees to class counsel on equitable principle of "common fund"). That exception, however, does not apply to the facts of this case, and it is not a wrongful-act exception held to exist by the cases cited in footnote 2, above.

4. In *Massey v. Columbus State Bank,* the First Court of Appeals incorrectly cited an opinion from this court for the proposition that equitable principles *may* allow the recovery of attorney's fees and other litigation expenses where a party was required to prosecute or defend a previous suit as a consequence of a defendant's wrongful act. *See* 35 S.W.3d 697, 701–02 (Tex.App.—Houston [1st Dist.] 2000, pet. denied) (citing *Mattly v. Spiegel, Inc.,* 19 S.W.3d 890, 898–99 (Tex.App.—Houston [14th Dist.] 2000, no pet.)). In a parenthetical to its citation of *Mattly,* the First Court interpreted *Mattly* as allowing the recovery of "attorney's fees incurred in resolving credit problems created by defendant's wrongful issuance of a credit card." *Id.* at 701. In *Mattly,* this court only ruled on the issue of Rule 13 sanctions, finding that a claim for attorney's fees in a negligence action was not filed in bad faith by a party's attorney, where the attorney researched statutes applicable to a negligence claim and where the attorney, during his research, *located a Texas case recognizing that equity allows recovery of attorney's fees* and other litigation expenses " 'where a party was required to prosecute or defend the previous suit as a consequence of the 'wrongful act' of the defendant.' ". *Mattly,* 19 S.W.3d at 897 (citing *Baja,* 669 S.W.2d at 838–39; *Estate of Arlitt,* 995 S.W.2d at 721).

5. In a single statement in her appellate brief, Martin–Simon urges that she "lost the use of the money from the cash value" of the MONY policy. Martin–Simon cites no facts in the record to support her contention and makes no argument to explain how much, if any, actual damages she incurred from loss of use

Considering and weighing all of the evidence in light of the governing law which provides no basis for recovery of attorney's fees as damages in a case such as this, the evidence supporting the damages finding is not so weak or so against the great weight and preponderance of the evidence that it is clearly wrong or unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). Thus, the evidence is factually sufficient to support the trial court's finding that Martin–Simon suffered no compensable damages.

Legally and factually sufficient evidence supports the trial court's finding that Martin–Simon did not suffer any compensable damages. Therefore, we overrule her second and third points of error challenging the legal and factual sufficiency of the trial court's damages finding. Because Martin–Simon failed to establish the element of damages, the trial court did not err in granting Womack's motion for judgment at the close of Martin–Simon's case.[6] Accordingly, we overrule Martin–Simon's first point of error.

Having overruled all points of error, we affirm the trial court's judgment.

---

of the money or how the amount should be calculated, or could be calculated, from the evidence in the record. MONY ultimately made the loan to Martin–Simon, and Martin–Simon settled her claims against MONY. Because her unsupported, conclusory assertions provide no guidance for a legal or factual sufficiency review, we will not consider Martin–Simon's damage arguments for loss of use of money. *See* TEX.R.APP. P. 38.1(h); *Rendleman v. Clarke*, 909 S.W.2d 56, 58–59 (Tex. App.—Houston [14th Dist.] 1995, writ ref'd n.r.e.) (refusing to consider legal and factual sufficiency points of error which were not properly briefed).

**6.** *See Ashcreek Homeowner's Ass'n, Inc. v. Smith*, 902 S.W.2d 586, 587 (Tex.App.—Houston [1st Dist.] 1995) (citing *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex.1988) ("A more judicially efficient and economical procedure is to allow the trial judge, sitting as trier of fact and law, to rule on both the factual and legal issues at the close of the plaintiff's case and to make factual findings at that time if requested by a party.")).