In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01249-CV

____________


TALAL (TOM) SAAD, INDIVIDUALLY AND D/B/A T&H FOOD STORE
AND D/B/A T&H TEXACO; AND SAAD ENTERPRISES, INC. D/B/A T&H
FOOD STORE AND D/B/A T&H TEXACO, Appellants


V.


DUNPHEY PETROLEUM SERVICES, INC., Appellee







On Appeal from the 151st District Court

 Harris County, Texas

Trial Court Cause No. 98-48687 






O P I N I O N

 Appellee, Dunphey Petroleum Services, Inc. ("Dunphey"), sued appellants,
Talal (Tom) Saad and Saad Enterprises, Inc. (together, "Saad"), for breach of
contract. After a bench trial, Dunphey was awarded $6,566. Saad appeals the
judgment for Dunphey. We affirm.

 FACTS

 Dunphey was first introduced to Talal Saad in November 1997. At the time, 
Dunphey was under the assumption that T&H Food Store was a sole proprietorship
of Talal Saad. The parties contracted, on April 10, 1998, to have the gas pumps at
T&H Food Store upgraded. The entire contract was worth $21,371and was to be paid
in four installments. Saad paid three $5,000 installments, but refused to pay the
completion-phase payment of $6,371, citing bad concrete work on Dunphey's part. 
Saad had also asked Dunphey to do some additional concrete work outside the scope
of the contract, for which Saad paid without dispute. Talal Saad signed the April 10,
1998 contract as owner and president. He asserts that he formed a new corporation,
Saad Enterprises, Inc., and sold his business, T&H Food Store, to Saad Enterprises,
Inc. in December 1997.

 Neither party disputes the quality of the workmanship involved in the
installation of the new gas pumps at T&H Food Store. The dispute concerns the
excavation and re-pouring of the concrete slab surrounding the gas pumps. The trial
judge ruled in favor of Dunphey on the breach of contract claim and ordered that
Talal Saad individually and d/b/a T&H Food Store and d/b/a T&H Texaco, and Saad
Enterprises, Inc. d/b/a T&H Food Store and d/b/a T&H Texaco, be jointly and
severally liable for the sum of $6,566. The trial judge also ordered the defendants,
jointly and severally, to pay Dunphey's reasonable and necessary attorney's fees.

CONDITIONS PRECEDENT AND QUANTUM MERUIT

 In their first issue, Saad contends that the evidence is legally and factually
insufficient to support the trial judge's findings that an enforceable contract existed
between Dunphey and them. Saad complains that Dunphey did not perform all of its
obligations under the contract. In their second issue, Saad contends that the evidence
is legally and factually insufficient to support a judgment based on quantum meruit. 

 When findings of fact are neither filed nor requested after a bench trial, the
judgment of the trial judge implies all findings necessary to support it, provided the
necessary findings are raised by the pleadings and supported by the evidence and the
decision can be sustained on any reasonable theory consistent with the evidence and
the applicable law. Wade v. Comm'n for Lawyer Discipline, 961 S.W.3d 366, 374
(Tex. App.--Houston [1st Dist.] 1997, no writ.). The trial judge's implied findings
can be challenged for legal and factual sufficiency under the same standards that
govern a jury's findings. Id. We follow the usual standard of review for a factual and
legal sufficiency review. See Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996)
(legal); Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996) (factual). 



 As to Saad's first issue, the Texas Rules of Civil Procedure state as follows:

 In pleading the performance or occurrence of conditions
precedent, it shall be sufficient to aver generally that all
conditions precedent have been performed or have
occurred. When such performances or occurrences have
been so pled, the party so pleading same shall be required
to prove only such of them as are specifically denied by the
opposite party.


Tex. R. Civ. P. 54. In the present case, Dunphey pleaded in its amended original
petition that all conditions, covenants, and promises under the contract had been
performed by Dunphey. Saad answered with a general denial in their original
answers and did not amend that answer. Because Saad did not specifically deny that
the conditions precedent had occurred, Dunphey did not need to put forth evidence
showing that the conditions precedent had been fulfilled. See Greathouse v. Charter
Nat'l Bank-S.W., 851 S.W.2d 173, 177 (Tex. 1992). Saad's failure specifically to
deny that the conditions precedent had not occurred left the trial judge without an
opportunity to consider evidence on this issue. Thus, Saad failed to preserve error on
this point. See Tex. R. App. P. 33.1(a). Because of our disposition of issue number
one, we do not address issue two. See Martin-Simon v. Womack, 68 S.W.3d 793, 795
(Tex. App.--Houston [14th Dist.] 2001, pet. filed) (conclusions of law will be upheld
if the judgment can be sustained on any legal theory supported by the evidence); see
Economy Forms Corp. v. Williams Bros. Const. Co., 754 S.W.2d 451, 458 (Tex.
App.--Houston [14th Dist.] 1988, no writ) ("A party who seeks to recover reasonable
value of services rendered or materials supplied will be permitted to recover in
quantum meruit only when there is no express contract covering those services or
materials.").

 We overrule Saad's first and second issues.

JUDGMENT AGAINST PARTIES 

 In their third issue, Saad contends that the evidence is legally and factually
insufficient to support a judgment against Tom Saad, individually or d/b/a T&H Food
Store or d/b/a T&H Texaco, because Saad Enterprises, Inc. and Dunphey were the
only two parties involved in the contract.

 The Texas Rules of Appellate Procedure require that a brief contain "a clear
and concise argument of the contentions made, with appropriate citations to
authorities and the record." Tex. R. App. P. 38.1(h). Saad's brief contains no
citations to authority on this issue; thus, this issue is deemed waived. See Trenholm
v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983). 

 We overrule Saad's third issue.

 We affirm the judgment. 










 

 Frank C. Price (1) 

 Justice

Panel consists of Justices Jennings, Radack, and Price.

Do not publish. Tex. R. App. P. 47.




 
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.