

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00010-CV
_____

RICHARD MANNING, TAMMY MANNING, AND
ALL OCCUPANTS OF 1036 SUNSET, WACO, TX 76704, Appellants

V.

MAE JOHNSON AND PAT WILLIAMS, Appellees

---

On Appeal from the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 20200238CV2

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# OPINION

Richard Manning appeals a forcible entry and detainer judgment in favor of his landlords, Mae Johnson and Pat Williams.[1]  On appeal, Manning, appearing pro se, argues that (1) the trial court erred by failing to set aside its final judgment under *Craddock v. Sunshine Bus Lines*[2] because Manning did not have notice of a final hearing, (2) the trial court erred by imposing attorney fees as a sanction under Chapter 10 of the Texas Civil Practice and Remedies Code, (3) the trial court's judgment was not supported by legally and factually sufficient evidence, and (4) the trial court erred by granting a continuance after it had granted a writ of possession.

We find that we lack jurisdiction to address the issue of possession in this case.  Even so, we address the issue of past due rent and attorney fees but conclude that (1) the trial court did not abuse its discretion in overruling Manning's request for a new trial on those issues based on *Craddock*, (2) the trial court did not abuse its discretion in finding that the imposition of attorney fees was a proper sanction, and (3) Manning has failed to adequately brief his remaining issues. As a result, we affirm the award of past due rent and attorney fees.

## I.  Factual and Procedural Background

Manning leased a property located at 1036 Sunset in Waco, Texas (the Property), from Johnson and Williams.  The record shows that Johnson and Williams sent Manning notice in November 2019 that his monthly lease payment would increase from $850.00 to $1,075.00

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We follow the precedent of the Tenth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[2]*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

2

per month.  In February 2020, Johnson and Williams filed a petition to evict Manning and all occupants of the Property for failure to pay rent.  Although the record shows that Manning, who represented himself, was personally served and acknowledged this service in later motions, he did not appear for trial in front of the justice court.  As a result, the justice court entered a default judgment in favor of Johnson and Williams on February 18, which awarded them possession of the Property, past due rent, and court costs.  After Manning acknowledged that the justice court had also required him to deposit past due rent and rent accrued during any appeal into its registry, he appealed the justice court's decision for trial de novo in the County Court at Law No. 2 of McLennan County (County Court).  Manning chose to represent himself in front of the County Court.

Manning originally received notice that the eviction appeal hearing was set for April 17, 2020.  After receiving the notice, Manning argued that he should have only been charged $850.00 per month, not $1,075.00 per month, and filed a motion for reconsideration of the amount of rent that was to be paid in the justice court's registry.  On that motion, and throughout the proceedings, Manning listed the Property address as his address.[3]

Even though the County Court had not ruled on his motion, Manning deposited $850.00 or less for several months into the registry.  On July 15, Johnson and Williams filed a verified motion arguing that the justice court's writ of possession should no longer be stayed pending the appeal because Manning had failed to continue to deposit the full amount of rent into the registry as required by Section 24.0054 of the Texas Property Code, which states, in relevant part:

_____

[3]Manning filed letters and pleadings on June 1, July 30, and August 3 with the County Court listing the Property as his address.

(a-4)    During an appeal of an eviction case for nonpayment of rent, if a tenant fails to pay rent into the justice court or county court registry as the rent becomes due under the rental agreement in accordance with the Texas Rules of Civil Procedure and Section 24.0053, the landlord may file with the county court a sworn motion that the tenant failed to pay rent as required. . . .

. . . .

(c)    If the court finds that a tenant has failed to timely pay the rent into the court registry on more than one occasion:

(1)    the tenant is not entitled to stay the issuance of the writ by paying the rent and the landlord's reasonable attorney's fees, if any; and

(2)    the county court shall immediately issue a writ of possession.

TEX. PROP. CODE ANN. § 24.0054(a-4), (c).

On July 31, Manning moved to recuse the judge and stay the proceedings and filed a motion to dismiss his own appeal for want of jurisdiction. In response, Johnson and Williams argued that the recusal motion was untimely and groundless and moved for sanctions in the form of attorney fees and incurred expenses. The recusal motion was overruled.

Johnson and Williams also filed a motion for continuance due to Manning's recusal motion, which delayed the consideration of their pretrial motions. Johnson and Williams explained that they wished for the County Court to rule on their motion for a writ of possession under Section 24.0054 of the Texas Property Code first because they would likely elect not to have Johnson, who lived in California, travel for the final hearing if the motion were granted. The County Court granted the motion for continuance on August 5 but did not set the case for final hearing at that time.

4

On August 7, 2020, the County Court held a hearing in which Manning admitted to making lesser payments than ordered by the justice court for several months. Johnson and Williams testified on the issue of attorney fees under Section 24.0054 with respect to that motion. After reviewing the registry, the County Court concluded that the amount of the deficiency of unpaid rent was $1,120.40. By written order on August 11, the County Court found that Manning had failed to deposit into the registry the amount of rent as ordered by the justice court on a timely basis on more than one occasion and issued a writ of possession in favor of Johnson and Williams. The County Court also ordered Manning to pay Johnson and Williams's attorney fees related to the Section 24.0054 motion. The writ of possession was executed on August 19, 2020, and Manning vacated the Property.

On September 3, 2020, Manning moved to set aside the order issuing a writ of possession because of the "grammatical complexity" of Section 24.0054 of the Texas Property Code. Although he acknowledged attendance at the hearing, he mislabeled the order issuing writ of possession as a default judgment. To that motion, Manning attached an unsworn declaration listing the Property address as his address and included his email address.

On September 30, 2020, Johnson and Williams filed a motion for sanctions for reasonable expenses and attorney fees under Section 10.002 of the Texas Civil Practice and Remedies Code for alleged inconvenience, harassment, and out-of-pocket expenses incurred or caused by the litigation and by two appeals filed with the Tenth Court of Appeals that were dismissed based on the lack of a final appealable order.

5

Even though the issue of possession was already decided, the final hearing, which had been rescheduled several times due to the COVID-19 pandemic, was ultimately set for October 2, 2020. On September 16, the County Court mailed to the Property Manning's notice of the final hearing. The record shows that the county administrator and Johnson and Williams's counsel also emailed this notice to Manning on the same day.

Manning did not appear for the final hearing. At that hearing, the County Court noted that the written notice of the hearing date had been returned as undeliverable and that Manning had failed to provide an updated address. Johnson and Williams's counsel informed the County Court that he had sent notice of the hearing to Manning's email address. The County Court found that Manning had received proper notice of the hearing.

At the final hearing, Williams testified that the lease on the Property was executed in January 2017, that it was a twelve-month lease obligating Manning to pay $850.00 per month, and that Manning remained on the Property on a month-to-month basis after the written lease term expired. Williams said that he notified Manning of an increase in rent to $1,075.00 per month in a November 2019 letter, which he both hand delivered to Manning and sent by certified mail. The original lease and notification of increased rent was introduced into evidence. Williams testified that Manning only paid $850.00 in January and February of 2020 even though the rent had increased. As a result, Williams testified that Manning was sent notices to vacate the property before the forcible entry and detainer proceeding was filed with the justice court. Williams also testified that Manning used the Property for commercial purposes, including manufacturing and selling sheds.

After Williams testified, the County Court noticed that he had not yet been sworn. At that time, the County Court administered the oath to Williams and, after being properly sworn, Williams testified that his prior testimony was "true and correct" and accurate. Johnson and Williams's counsel testified that he had spent twenty-two hours of time on the case, charging $195.00 an hour, and that the total amount of attorney fees spent on the case was $4,290.00. Counsel also asked for $3,500.00 in the event of an appeal to the court of appeals and another $3,500.00 in the event of an appeal to the Texas Supreme Court.

On October 5, the County Court entered a judgment awarding Johnson and Williams possession of the Property, $3,340.40 for unpaid rent, and attorney fees in the amount of $11,290.00, which included $7,000.00 in conditional awards of appellate attorney fees that would be remitted if the judgment were not appealed. The judgment included an express finding that the Property was used "for both residential and business purposes." Nothing in the judgment suggested that the attorney-fee award was a sanction.

Manning moved to set aside the default judgment on the ground that he was not provided with the notice that was mailed to the Property address. Manning's original and first amended motions did not expressly address whether he had received the notice of the hearing that was emailed by the court administrator even though Manning listed that email in his motions to set aside the default judgment. Manning also complained that the amounts awarded to Johnson and

Williams for unpaid rent and attorney fees were "inaccurate, unreasonable[,] and excessive." Manning lodged no complaint about the imposition of attorney fees as sanctions.[4]

The County Court set the motions to set aside its judgment for a hearing in January 2021. At that hearing, counsel attached a September 16, 2020, email from the court administrator to Manning's email address, which attached notice of the final hearing. Counsel also separately forwarded that message to Manning's email address, as shown by the email chain admitted into evidence, and Manning confirmed that the email address used in the email was his. The County Court denied Manning's motions.

## II. We Lack Jurisdiction to Address the Issue of Possession

We first highlight the parameters of our jurisdiction. The trial court found that Manning was using the Property for residential and commercial purposes. That finding was not challenged by motion for new trial or on appeal. Section 24.007 of the Texas Property Code states, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP. CODE ANN. § 24.007 (Supp.). As a result, we do not have jurisdiction over this appeal as it relates to issues of possession. *See In re High Pointe Invs., LLC*, 552 S.W.3d 384, 388 (Tex.

---

[4]"[A]n amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). In an untimely third motion to set aside the judgment, Manning mentioned sanctions for the first time and included claimed meritorious defenses, like "Landlord did not terminate tenancy properly," "Landlord has not properly brought the case," "Bad housing conditions," "Retaliatory Eviction," "Landlord violated the law Texas Property Code 24.0052," and "Attorney's fees not part of suit." "A trial court's order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." *Id.* "[I]f the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion," *id.* (quoting *Kalteyer v. Sneed*, 837 S.W.2d 848, 851 (Tex. App.—Austin 1992, no pet.) (per curiam)); "it is a nullity for purposes of preserving issues for appellate review." *Id.*

8

App.—Waco 2018, orig. proceeding); *Rice v. Pinney*, 51 S.W.3d 705, 707–08 (Tex. App.—Dallas 2001, no pet.).

To the extent Manning argues that *Craddock* should be applied to issues of possession, we find that Manning was present at the August 7, 2020, hearing after which the trial court granted a writ of possession in favor of Johnson and Williams. As a result, Manning vacated the Property before the final hearing, and his presence at the final hearing was not required on the issue of possession because it had already been decided. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Holmes v. Al Jaafreh*, No. 10-11-00320-CV, 2013 WL 2399059, at *1 (Tex. App.—Waco May 30, 2013, no pet.) (mem. op.); *McElroy v. Teague Hous. Auth.*, No. 10-10-00009-CV, 2012 WL 149227, at *1–2 (Tex. App.—Waco Jan. 18, 2012, no pet.) (mem. op.); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.).

We dismiss all arguments made by Manning that relate to the issue of possession of the Property.

## III. Denying Manning's Motion for New Trial Based on *Craddock* Was Not an Abuse of Discretion

We next address Manning's complaints related to the trial court's denial of a new trial on the issue of past due rent and attorney fees. "We review a trial court's decision to deny a motion for new trial under an abuse[-]of-discretion standard." *In re Marriage of Landry*, No. 10-13-00293-CV, 2014 WL 1775501, at *1 (Tex. App.—Waco Apr. 10, 2014, no pet.) (mem. op.) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010)). "A trial court abuses its discretion when it acts '"without reference to any guiding rules or principles" or, stated

9

another way, when the trial court acts in an arbitrary and unreasonable manner.'" *Id.* (quoting *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985))).

"A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939)." *Id.* "Under *Craddock*, the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party." *Id.*

"However, when the defendant did not receive actual or constructive notice of trial, he has met the first prong of *Craddock*, and due process prevents the application of the second and third prongs of the *Craddock* test." *In re T.J.T.*, 486 S.W.3d 675, 680 (Tex. App.—Texarkana 2016, no pet.) (quoting *Kuykendall v. Beverly*, 436 S.W.3d 809, 814 (Tex. App.—Texarkana 2014, no pet.)). While we assume that Manning did not receive actual notice of the October 2 hearing, "[a]ctual notice is not the standard for determining whether due process had been afforded" because "[d]ue process requires only that the notice given be reasonably calculated under the circumstances to apprise the party of the trial date." *Broadway v. Boldes*, No. 05-00-00824-CV, 2001 WL 1289466, at *2 (Tex. App.—Dallas Oct. 25, 2001, no pet.) (not designated for publication) (citing *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). "Such notice may be considered constructive notice." *Id.*

"[P]arties have a continuing obligation under [R]ule 21a of the Texas Rules of Civil Procedure to keep the court and the other parties apprised of a correct and current address where

they may be reached[,] and this obligation cannot be shifted to the court clerk or to an opposing party." *Id.* at *3 (citing *Withrow*, 13 S.W.3d at 41). "Texas courts have held that a party that does nothing to protect its due process rights with respect to notice of a trial setting should not complain on appeal that those rights have been violated." *Id.* Here, the record showed that the Property address was the only mailing address Manning had provided to the County Court and opposing counsel. Manning was aware that the case was continued and would be scheduled for a final hearing. Even so, he did not update his address with the County Court or make any inquiries about a final setting. As a result, we decline to find that the County Court abused its discretion in concluding that Manning's "failure to update [his] address in the court's records or to make inquiries regarding the new trial setting demonstrated that [the] failure to appear at trial was the result of conscious indifference rather than mistake or accident." *Id.*

Also, Rule 57 of the Texas Rules of Civil Procedure states, "A party not represented by an attorney shall sign his pleadings, state his address, telephone number, *email address*, and, if available, fax number." TEX. R. CIV. P. 57 (emphasis added). Manning listed the Property address and his email address on pleadings. Rule 21a of the Texas Rules of Civil Procedure states:

> (a) *Methods of Service*. Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:
>
> (1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file

11

with the electronic filing manager.  If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2)     Documents Not Filed Electronically.  A document not filed electronically may be served in person, [by] mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

TEX. R. CIV. P. 21a.

The record shows that Manning's email address was not on file with the electronic filing manager.  As a result, "Rule 21a allowed the Notice [of trial setting] to be served by any of the means listed in Rule 21a(a)(2), including by mail or by email." *Brandon v. Rudisel*, 586 S.W.3d 94, 102 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing TEX. R. CIV. P. 21a(a)); *see Johnson v. Harris Cty.*, 610 S.W.3d 591, 595 (Tex. App.—Houston [1st Dist.] 2020, no pet.). "[E]lectronic service is 'complete on transmission of the document to the serving party's electronic filing service provider.'" *Brandon*, 586 S.W.3d at 102 (quoting TEX. R. CIV. P. 21a(b)(3)).  The record showed that Johnson and Williams's counsel and the court administrator emailed the notice of final hearing to Manning's email address listed in his pleadings.  At the final hearing, Manning admitted that the email address to which the notice was emailed was his and that he used it during the pertinent time.  As a result, we cannot conclude that the trial court's finding that Manning received constructive notice was an abuse of discretion. *See id.*; *Johnson*, 610 S.W.3d at 595–96.

**IV.** **The Trial Court Did Not Abuse Its Discretion in Finding that the Imposition of Attorney Fees Was a Proper Sanction**

Next, Manning argues that the trial court erred by awarding attorney fees as sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code, for several reasons.[5] We disagree.

Manning argues that the trial court's order to pay attorney fees as sanctions failed to adequately describe, with sufficient particularity, the conduct that the trial court claimed was committed. Under the precedent of the Waco Court of Appeals, this issue has not been preserved for review because Manning did not raise it below, even in his timely motions for new trial. *Windsor v. Round*, 591 S.W.3d 654, 673 (Tex. App.—Waco 2019, pet. denied). He also complains that he did not have an opportunity to be heard on the issue, but the record reflects that Manning was present for the August 7 hearing that considered Johnson and Williams's motion for sanctions, and Manning also presented the issue at the motion for new trial hearing.

The only timely complaint before the trial court on the issue of sanctions was Manning's complaint that they were "inaccurate, unreasonable[,] and excessive." "We review the imposition of sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code . . . for an abuse of discretion." *Cox v. Vanderburg*, No. 06-20-00078-CV, 2021 WL 4055487, at \*10

---

[5]Although Johnson and Williams filed a Chapter 10 sanctions motion, they argue that nothing in the record indicates that the trial court awarded attorney fees on that basis. We disagree. Attorney fees are not generally available in eviction cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Supp.). Under Chapter 24 of the Texas Property Code, attorney fees in an eviction case that are unrelated to Section 24.0054 motions are only available if, among other things, the landlord's written demand to vacate the premises or a written lease warns the tenant that the landlord will seek attorney fees in suit for forcible entry and detainer. *See* TEX. PROP. CODE ANN. § 24.006; *Tillman v. Lake Pointe Owners Grp., Inc.*, No. 07-19-00385-CV, 2020 WL 6253238, at \*5 (Tex. App.—Amarillo Oct. 22, 2020, no pet.) (mem. op.). Because attorney fees were not statutorily authorized, we must presume that they were awarded as Chapter 10 sanctions.

(Tex. App.—Texarkana Sept. 7, 2021, pet. filed) (mem. op.) (quoting *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 183 (Tex. App.—Texarkana 2011, no pet.) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004))). "Under this standard, courts view the evidence in the light most favorable to, and indulge every presumption in favor of, the trial court's action." *Id.* (quoting *Dike*, 343 S.W.3d at 183 (citing *In re Liu*, 290 S.W.3d 515, 519 (Tex. App.—Texarkana 2009, orig. proceeding)). "An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.* (quoting *Dike*, 343 S.W.3d at 183 (quoting *Low*, 221 S.W.3d at 614)). "A trial court abuses its discretion in awarding sanctions only if the order is based on an erroneous assessment of the evidence or the law." *Id.* (quoting *Dike*, 343 S.W.3d at 183).

"Chapter 10 provides for an award of sanctions when a party shows . . . that the pleading or motion was brought for an improper purpose." *Id.* (quoting *Mobley v. Mobley*, 506 S.W.3d 87, 95 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 10.001; *Low*, 221 S.W.3d at 614–15)). "An improper purpose includes 'to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1)). "Chapter 10 specifies that one of the aims for imposition of sanctions for the filing of frivolous or groundless pleadings is to 'deter repetition of the conduct or comparable conduct by others similarly situated.'" *Id.* (quoting *Mobley*, 506 S.W.3d at 95 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(b))). "We construe the phrase 'improper purpose' as the equivalent of 'bad faith' under Rule 13." *Id.* (quoting *Mobley*, 506 S.W.3d at 95

14

(quoting *Dike*, 343 S.W.3d at 183–84)). "Each factual contention must have or be likely to receive evidentiary support after a reasonable opportunity for discovery." *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (per curiam).

"'[I]mposition of sanctions is just' when (1) there is a 'direct relationship . . . between the offensive conduct and the sanction imposed' and (2) the sanctions are not excessive, i.e., '[t]he punishment . . . fit[s] the crime.'" *Cox*, 2021 WL 4055487, at *10 (quoting *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)). "In determining whether sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading." *Id.* (quoting *Dike*, 343 S.W.3d at 184). Typically, "[t]he party seeking sanctions has the burden of showing its right to relief." *Id.* (quoting *Dike*, 343 S.W.3d at 184). However, the Waco Court of Appeals has said that, "[i]f the trial court assesses sanctions . . . and the party upon whom sanctions have been assessed files a motion for new trial, the party upon whom sanctions have been assessed has the burden to show entitlement to the requested relief." *Beddingfield v. Beddingfield*, No. 10-15-00344-CV, 2018 WL 6378553, at *19 (Tex. App.—Waco Dec. 5, 2018, pet. denied) (mem. op.) (citing *Cocke v. Saks*, 776 S.W.2d 788, 790 (Tex. App.—Corpus Christi 1989, writ denied)). Also, because the trial court did not issue findings of fact and conclusions of law, "the trial court's judgment implies all findings of fact necessary to support it." *Est. of Hines*, No. 06-20-00007-CV, 2020 WL 5948803, at *5 n.14 (Tex. App.—Texarkana Oct. 8, 2020, no pet.) (mem. op.) (citing *Pharo v. Chambers Cty., Tex.*, 922 S.W.2d 945, 948 (Tex. 1996)); *Avila v. Lone Star Radiology*, 183 S.W.3d 814, 822 (Tex. App.—Waco 2005, no pet.).

15

Here, Manning consistently argued that he should not have been charged $1,075.00 per month in rent, without presenting any evidence to support his position despite having ample opportunity to do so, including at the August 7 hearing when the issue of possession was decided. A review of Manning's pleadings could have led the County Court to conclude that he had no meritorious defense to the forcible entry and detainer suit. The County Court here expressly found that Manning violated the justice court's order to pay rent of $1,075.00 per month while the case was pending on appeal. In addition to violating that order, Manning filed several frivolous pleadings, including a motion to dismiss his own suit for want of jurisdiction. The County Court could have found that Manning's recusal motion was groundless, as was his objection to Johnson and Williams's motion for continuance. Manning also filed two interlocutory appeals that were dismissed by the Waco Court of Appeals for lack of jurisdiction. Johnson and Williams alleged, and the County Court could have found, that Manning's motions and arguments were made solely for the purpose of delaying the proceedings and increasing Johnson and Williams's costs of litigation. No meritorious defense was raised in the hearing on Manning's timely motions for new trial. That, coupled with the written lease, notice of increased rent, and notice to vacate the Property, could have ultimately led the County Court to conclude that the appeal from the justice court was frivolous and groundless and that a new trial on the issue of sanctions was unwarranted. As a result, we do not find that the County Court abused its discretion in overruling Manning's motion for new trial complaining of the imposition of sanctions. We also find no abuse of discretion in the trial court's finding that there was a direct relationship between the filing of groundless and frivolous pleadings made for the purposes of

16

delay and increased litigation cost and the sanction of attorney fees expended by Johnson and Williams to defend those pleadings.

As for the excessiveness of sanctions, Manning argues for the first time on appeal that the trial court should have considered a lesser sanction. Because he did not raise this complaint to the County Count, this issue is unpreserved. *See Cox*, 2021 WL 4055487, at *13 (citing TEX. R. APP. P. 33.1; *Sanchez v. Fiedler*, No. 03-14-00182-CV, 2016 WL 4272111, at *9 (Tex. App.—Austin Aug. 11, 2016, pet. denied) (mem. op.); (*Werley v. Cannon*, 344 S.W.3d 527, 535 (Tex. App.—El Paso 2011, no pet.); *Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 820–21 (Tex. App.—Houston [14th Dist.] 2017, no pet.)). Manning also states, in a conclusory manner, that the sanction was excessive, but he failed to make any meaningful challenge to the amount of attorney fees awarded at the motion for new trial hearing or on appeal. He did not challenge that counsel's testimony at the final hearing failed to support the amount awarded as attorney fees. As a result, we cannot conclude that the trial court abused its discretion in determining that counsel's testimony was sufficient to support the sanctions award since "generally an acknowledgment of the costs and fees incurred as a result of the sanctionable conduct is a good starting point." *Kamel v. AdvoCare Int'l, L.P.*, No. 05-16-00433-CV, 2017 WL 1149669, at *5 (Tex. App.—Dallas Mar. 28, 2017, no pet.) (mem. op.) (explaining that proof of necessity or reasonableness of attorney fees under *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), is not required when fees are assessed as sanctions) (citing *Gorman v. Gorman*, 966 S.W.2d 858, 868–69 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Low*, 221 S.W.3d at 620–21).

17

Because we find no abuse of discretion in the imposition of the attorney fees awarded as sanctions, we overrule this point of error.

## V.       Manning Has Failed to Brief His Remaining Arguments

Because we have no jurisdiction over possession issues and have already affirmed the trial court's attorney fee award, we next consider arguments related to the award of past due rent. In his last two points of error, Manning lodges a conclusory complaint about the legal and factual sufficiency of the evidence and argues that the County Court erred by granting a continuance after it had granted a writ of possession. We find both points inadequately briefed.

"Initially we must note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure." *In re C.N.M.*, No. 10-10-00178-CV, 2011 WL 1049383, at *1 (Tex. App.—Waco Mar. 23, 2011, no pet.) (mem. op.) (citing *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)). "A pro se litigant is required to properly present his case on appeal just as he is required to do at the trial court." *Id.* (citing *Strange*, 126 S.W.3d at 678). "This Court has no duty to perform an independent review of the record and applicable law to determine whether there was error." *Id.* (citing *Strange*, 126 S.W.3d at 678). "Were we to do so, even on behalf of a *pro se* litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that party." *Id.* (citing *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) (per curiam)). "Similarly, we cannot and will not speculate as to the substance of the

issues [an appellant] urges us to address but fails to appropriately include in his brief." *Id.* (citing *Strange*, 126 S.W.3d at 678).

"The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief." *Delta Cty. Appraisal Dist. v. PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 652 (Tex. App.—Texarkana 2021, pet. filed) (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (citing TEX. R. APP. P. 38.1)). "In order to avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and the record.'" *Id.* (quoting TEX. R. APP. P. 38.1(i)). "Failure to cite legal authority or provide substantive analysis of the legal issues presented results in waiver of the complaint." *Id.* (quoting TEX. R. APP. P. 38.1(i)).

The entire substance of Manning's legal and factual sufficiency complaint reads, "The Courts' findings of fact are not legally or factually sufficient in that the evidence that was presented were [sic] inaccurate and or falsified and the only witness was not even sworn in when he testified. Furthermore, he was the plaintiff. Furthermore, his testimony was hearsay." "Bare assertions of error, without argument or authority, waive error." *Pettit v. Tabor*, No. 06-19-00002-CV, 2020 WL 216025, at *14 (Tex. App.—Texarkana Jan. 15, 2020, pet. denied) (mem. op.); *see Kennedy v. Jones*, No. 06-19-00068-CV, 2020 WL 62022, at *3 (Tex. App.—Texarkana Jan. 7, 2020, no pet.) (mem. op.) ("Briefing requirements are not met 'by merely uttering brief conclusory statements, unsupported by legal citations.'" (quoting *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *3 (Tex. App.—Fort Worth

19

July 25, 2019, no pet.) (per curiam) (mem. op.))). This rule also applies to complaints about the sufficiency of the evidence. *See Coble v. Adams*, No. 01-13-00562-CV, 2014 WL 6602480, at *3 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, no pet.) (mem. op.) (citing *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.)); *Martin-Simon v. Womack*, 68 S.W.3d 793, 798 n.5 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Because Manning fails to provide substantive analysis with appropriate reference to the record, we overrule his legal sufficiency point. We also find that Manning failed to provide any relevant authority to support his contention that Williams's testimony was hearsay or that he was not properly sworn and overrule those complaints based on the inadequate briefing.[6]

Johnson and Williams also argue that Manning failed to adequately brief his point of error related to the trial court's grant of a continuance. While Manning includes case citations in his argument, he fails to cite relevant authority supporting his contention that reversal is warranted because the trial court granted a continuance and does not explain why the issue is not moot. *See Smale v. Williams*, No. 06-18-00055-CV, 2019 WL 490136, at *4 (Tex. App.—Texarkana Feb. 8, 2019, no pet.) (mem. op.); *In re Torres*, No. 03-12-00156-CV, 2012 WL 1149301, at *1 (Tex. App.—Austin Apr. 4, 2012, no pet.) (mem. op.). He also fails to address the arguments cited by Johnson and Williams as to why a continuance was necessary. As a result, we find that the issue is inadequately briefed, and we decline to address it. *See* TEX. R.

---

[6]Even so, we note that sworn testimony averring that a witness's previously unsworn testimony was the truth is sufficient to render the previously unsworn testimony competent evidence. *Stephenson v. Lynch*, No. 05-99-01874-CV, 2001 WL 126403, at *5–6 (Tex. App.—Dallas Feb. 15, 2001, pet. denied) (not designated for publication); *see Beck v. State*, 719 S.W.2d 205, 213 n.5 (Tex. Crim. App. 1986) ("When a witness reaffirms testimony he gave before he was sworn, such testimony becomes competent.").

20

APP. P. 38.1(h); *In re R.F.N.*, No. 10-03-081-CV, 2003 WL 23120211, at *3 (Tex. App.—Waco

Dec. 31, 2003, no pet.) (mem. op.).

We overrule Manning's last two points of error.

## VII. Conclusion

We dismiss all arguments made by Manning that relate to the issue of possession of the

Property for want of jurisdiction and affirm the trial court's awards to Johnson and Williams of

past due rent and attorney fees.


Scott E. Stevens
Justice


Date Submitted:     October 4, 2021
Date Decided:       December 9, 2021